For plaintiff: Morris Berick.

For defendant: Frederick A. Jones, Selverston.

Louis Najjar
vs. } Law No. 89753
Ida Horovitz

April 4, 1935.

CURRAN, J. Heard on plaintiff's motion for assignment of costs in his favor after verdict for him for ten cents.

The case was tried with the case of *Rose Najjar* vs. *Ida Horovitz*, Law No. 89756, in which there was a verdict for the plaintiff for $750, which, owing to the fact that the plaintiff had been paid $400 by another person involved in the same accident and that said sum of $400 had been deducted from the damages before fixing the verdict at $750, was a finding that the plaintiff's damages amounted to $1150.

The plaintiff in the present action was paid $90 on account of his damages by the same person who paid the $400 to Rose Najjar and it was after taking such damages into account that the present verdict was returned.

The plaintiff and Rose are husband and wife and the present suit is for the loss of services, etc., and expenses resulting from an automobile collision caused, at least in part, by the negligence of the defendant.

The reason why the statute does not automatically give costs to the plaintiff who recovers judgment for a sum within the jurisdiction of a district court is because in theory such suit ought to have been brought in the district court rather than in the Superior Court. That reason has no application here. The public inconvenience and expense would have been greater had the present plaintiff sued in the district court and the plaintiff Rose sued in the Superior Court, where her suit was properly brought, because the $400 was paid to her before the issuing of the writ in her case. At the time of issuing the writ hers was properly a Superior Court case. The plaintiff here by suing in the Superior Court has undoubtedly saved the State the expense of a district court trial, and probably of a Superior Court trial too. The present case was tried with that of *Rose Najjar* vs. *Ida Horovitz* at an expense to the State of only one trial, which expense was inevitable from a legal standpoint in view of the fact that Rose's suit was properly brought here. The declination to award costs in a given case is not a favor to the defendant but in a proper case is a quasi penalty on the plaintiff.

Both suits were against Rose's mother. It appeared that the mother was insured against liability of this type under a policy issued by an insurance office in which Rose was employed at the time the policy was written. Counsel for defendant claims that there was collusion between the plaintiff and Rose, his wife, and the defendant, Ida, in prosecuting the case; that the Court cannot lend itself to the furtherance of such a collusive suit and, therefore, that it ought not to exercise its discretion in favor of a party whose suit is based on or advanced by collusion.

It is clear that there was no collusion in regard to the accident itself nor as to the actual negligence of the defendant. If there was collusion, it was in regard to the presentation of evidence at the trial. The plaintiff had a clear right against the defendant the moment the accident occurred and could not be deprived of that right by subsequent collusion.

*Hickey* vs. *Booth*, 29 R. I. 466 (1909).

If defendant has to call on the insurer for relief from liability under a judgment herein, or for indemnity after satisfying such judgment, the question of collusion may then be important.

The motion to assess costs is granted and if the parties disagree with any item of the clerk's calculation of costs,

the matter may be submitted to the Court.

For plaintiff: Morris Berick.

For defendant: Frederick A. Jones, Selverston.